UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARSHALL W. NELSON & ASSOCIATES, INC.,

    Plaintiff,

    v.    Case No. 11-C-0401

YRC INC.,

    Defendant.

**DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS
COUNT II OF THE AMENDED COMPLAINT**

**I. BACKGROUND**

This action was commenced on April 7, 2011, when the plaintiff, Marshall W. Nelson & Associates, Inc. ("Marshall"), filed a complaint in the Milwaukee County Circuit Court against the defendant, YRC Inc. ("YRC"). The complaint contained four claims: common carrier negligence; breach of contract; breach of implied duty of good faith and fair dealing; and, bad faith denial of insurance claim. The case was removed to federal court on April 27, 2011, on the basis of original jurisdiction pursuant to 28 U.S.C. § 1337(a). More precisely, removal was predicated on the grounds that the action is governed by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706.

On May 2, 2011, YRC filed a motion to dismiss the entire complaint for failure to state a claim, which motion was predicated on the proposition that all of the plaintiff's claims were preempted by the Carmack Amendment. Rather than file a response to the motion to dismiss, on May 23, 2011, the plaintiff filed an amended complaint, thereby rendering moot the defendant's first motion to dismiss. The amended complaint is now the operative complaint in this case. The

amended complaint contains only two claims: a claim under the Carmack Amendment and a claim for bad faith denial of an insurance claim.

On June 6, 2011, YRC filed a second motion to dismiss, but this time YRC only seeks to have the court dismiss Count II of the amended complaint, i.e., the bad faith denial of insurance claim. YRC asserts that all state law claims, including the claim set forth in Count II, are preempted by the Carmack Amendment. On June 27, 2011, the plaintiff filed its response, and on July 11, 2011, the defendant filed its reply. Thus, the defendant's motion to dismiss Count II of the amended complaint is now fully briefed and is ready for resolution. For the reasons that follow, the defendant's motion to dismiss will be granted.

## II. DISCUSSION

According to the factual allegations of the amended complaint, which at this stage of the proceedings the court must accept as true, *see Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009), Marshall requested a bid from YRC to ship four 1,200 pound air ducts directly from Milwaukee, Wisconsin, to Clinton, Oklahoma. (Am. Compl. ¶ 6.) By written Bill of Lading, YRC agreed to ship the air ducts from Milwaukee to Clinton. (*Id.* ¶ 7.) In addition, Marshall requested YRC to provide full insurance coverage on the shipment up to the full-value of the goods shipped; YRC agreed to provide such insurance. (*Id.* ¶¶ 6-7.)

While in Marshall's possession, the air ducts were significantly damaged, causing Marshall to incur significant expense to repair the air ducts. (*Id.* ¶ 17.) Despite YRC's obligation under the Carmack Amendment and its agreement to provide full insurance coverage, YRC denied Marshall's duly filed claim for damages. (*See id.* ¶¶ 28-29.) There was no reasonable basis in law or fact for YRC's denial of Marshall's claim for benefits owed to it pursuant to YRC's promise to insure the shipment up to its full value. (*Id.* ¶ 30.) As a result of YRC's bad faith denial of Marshall's claim,

Marshall has suffered damages, including damage to the air ducts and attorneys' fees expended to obtain the insurance benefit owed to it. (*Id.* ¶ 31.)

YRC argues that the plaintiff's claim for bad faith denial of an insurance claim "is based on state statutory or state common law and, as such, is subject to complete federal preemption under 49 U.S.C. § 14706 (the 'Carmack Amendment')." (Mot. to Dismiss.) Thus, Count II fails to state claim upon which relief can be granted and it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). According to the defendant, "[t]he only cause of action that Plaintiff has against YRC is a claim under the Carmack Amendment for the actual loss or damage to the property as set forth in Count I of the Amended Complaint." (Def.'s Mem. at 3.)

> Notwithstanding the fact that YRC is not an insurance company and does not sell insurance products, Count II of Plaintiff's Amended Complaint is preempted by the Carmack Amendment. The Carmack Amendment also preempts all claims that exceed the amount of the loss or injury to the goods, such as punitive damages claims. Claims for attorneys' fees are also not recoverable in a Carmack Amendment case.

(*Id.* at 5-6.)

Not so, says the plaintiff. While acknowledging that the Carmack Amendment generally preempts state-law causes of action that a shipper might pursue against a carrier for loss of or damage to goods shipped by the carrier, Marshall notes that "[t]he Carmack Amendment does not preempt those state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce." *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 289 (7th Cir. 1997). Marshall cites, by way of example, cases in which courts have held that deceptive trade practice claims, claims against a carrier as bailee if the claim does not depend on the existence of a carrier contract, claims for intentional infliction of emotional distress, and state law claims alleging damage to business reputation are not preempted by the Carmack Amendment. Marshall then argues that, while "[t]he Seventh Circuit has not squarely addressed

3

whether a Wisconsin common law bad faith denial of an insurance claim is preempted by the Carmack Amendment . . . other courts have held that such claims are not preempted." (Pl.'s Br. at 4) (citing *Rungee v. Allied Van Lines, Inc.*, 92 Idaho 718, 449 P. 2d 378 (1968); *Farina v. United Parcel Serv., Inc.*, Nos. M-21-84, MDL-1339, 00-CIV-3811; 02-CIV-2703, 2002 WL 1766554 (S.D.N.Y. July 31, 2002)).[1]

Marshall has put up a valiant fight in resisting YRC's motion. However, the "bob and weave" only works for so long. In my opinion, the Carmack Amendment preempts the plaintiff's bad faith denial of insurance claim.

> Congress enacted the Carmack Amendment to the Interstate Commerce Act ("ICA") in 1906, to establish uniformity and consistency among states in the application and resolution of interstate shipping loss and damage cases. The Carmack Amendment defined the parameters of carrier liability for loss or damage to goods transported under interstate bills of lading and codified the terms and obligations in the carrier-shipper relationship. The Amendment, now set forth at 49 U.S.C. § 14706, states in relevant part:
>
>> A carrier providing transportation or service . . . shall issue a receipt or bill of lading for property it receives for transportation under this part. That carrier . . . [is] liable to the person entitled to recover under the receipt or bill of lading. The liability imposed under this paragraph is for the actual loss or injury to the property . . . .
>
> (Emphasis added).
>
> Within a few years of the Carmack Amendment's passage, the United States Supreme Court in *Adams Express Co. v. Croninger*, 226 U.S. 491, 57 L. Ed. 314, 33 S. Ct. 148 (1913), defined Carmack preemption in the broadest terms:
>
>> Almost every detail of the subject [interstate commerce carriers] is covered so completely there can be not rational doubt but that

---

[1] First of all, *Rungee* is a decision of the Idaho Supreme Court and is of limited, if any, precedential weight in this federal district court. Furthermore, in *Farina*, unlike in the instant case, the plaintiffs did not seek to impose common carrier liability upon the defendants for loss or damage to shipped goods. Indeed, it was not alleged in the complaint that any goods were lost or damaged. Thus, according to the *Farina* court, "(Carmack) preemption cases are inapposite here." *Farina*, 2002 WL 176654 at *10.

4

> Congress intended to take possession of the subject, and supersede all
> state regulations with reference to it . . . . *Id*. at 505-06.
>
> *Adams Express* held that the Carmack Amendment governs all claims arising out of loss or damage to property transported in interstate commerce and preempts all state law claims. The Court explained the statute's primary objective: the establishment of a uniform national policy governing liability of interstate carriers. *Id*. at 505.

*Nichols* v. *Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1106-07 (D. Nev. 2003).

As previously stated, in *Gordon*, the Seventh Circuit held that the "Carmack Amendment does not preempt those state law claims that allege liability on a ground that is separate and distinct from the loss of, or the damage to, the goods that were shipped in interstate commerce. 130 F.3d at 289. The plaintiff in *Gordon* was an elderly woman in failing health. *Id*. at 284. Her vision and hearing were impaired, and she could no longer write due to arthritis. *Id*. The plaintiff contacted a United Van Lines ("United") agency in Florida for the purpose of arranging delivery of some of her belongings to her new apartment in Chicago, and other of her belongings to her daughter's home. *Id*. She met with a United agent, who was aware of her physical impairments, and she instructed him regarding delivery. *Id*. The agent never obtained the plaintiff's agreement regarding insurance against the loss of her possession, and instead wrote in the bill of lading that the plaintiff released United from liability for loss or damage to the goods exceeding $1,000. *Id*. United never delivered any of the goods destined for her daughter's home. *Id*. Instead, the items were inadvertently discarded and incinerated. *Id*. at 285. Rather than acknowledge their error, for a period of several months United represented to the plaintiff and her daughter that the items were in their warehouse and would be safely delivered. *Id*.

Based upon these facts, the Seventh Circuit reversed the district court's dismissal of the plaintiff's claim for intentional infliction of emotional distress, finding that this claim alleged a harm to the plaintiff that was independent from the loss or damage to her goods and therefore was not

5

preempted by the Carmack Amendment. *Id*. at 289. At the same time, however, the Seventh Circuit upheld the district court's dismissal of the plaintiff's claims for breach of contract, willful and wanton misconduct, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, and common law fraud. The Seventh Circuit found that claims "relating to the making of the contract for carriage are so closely related to the performance of the contract, and the measure of damages for such claims so likely to be the loss or damage to the goods, that they are . . . preempted by the Carmack Amendment." *Id*. In addition, the Seventh Circuit found that claims asserting fraud in the claims handling process were also preempted by the Carmack Amendment because "the claims process is directly related to the loss or damage to the goods that were shipped. Indeed, people would not be involved in the process unless either loss or damage had occurred." *Id*. at 290.

Since *Gordon*, a number of courts have concluded that the Carmack Amendment preempts statutory and common law claims against carriers arising from the claims process, including claims of fraud relating to insurance coverage. *See, e.g., Design X Mfg., Inc. v. ABF Freight Sys., Inc.*, 584 F. Supp. 2d 464, 465, 468 (D. Conn. 2008) (holding that breach of contract, negligence, Connecticut Unfair Trade Practices Act claims against carrier asserting damages to business or reputation were preempted by the Carmack Amendment because the alleged damages "flowed directly from the damage to the goods shipped in interstate commerce and the subsequent claims process"); *Nichols,* 368 F. Supp. 2d at 1108-09 (dismissing claims asserting that carrier sold "insurance" and acted in bad faith when refusing to pay plaintiff's claim); *Hanlon v. United Parcel Serv.*, 132 F. Supp. 2d 503, 504-06 (N.D. Tex. 2001) (holding that the Carmack Amendment preempted plaintiff's claims against carrier for bad faith, deceit for fraudulent insurance fee collection, unauthorized operation as an insurance company, and violations of the Texas Insurance Code).

Taking my lead and guidance from *Gordon* and the above-cited federal cases, I am persuaded that the Carmack Amendment preempts Marshall's claim for bad faith denial of insurance claim. After all, the plaintiff would not even be in a position to complain about a bad faith denial of an insurance claim if it had not sustained damage to goods that were shipped by the defendant. To quote from *Gordon*, "the claims process is directly related to the loss or damage to the goods that were shipped. Indeed, people would not be involved in the process unless either loss or damage had occurred." *Gordon,* 130 F.3d at 290.

In conclusion, the defendant's motion to dismiss will be granted and Count II of the plaintiff's amended complaint will be dismissed.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion to dismiss Count II of the plaintiff's amended complaint be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that Count II of the plaintiff's amended complaint be and hereby is **DISMISSED**;

**SO ORDERED** this 3rd day of August 2011 at Milwaukee, Wisconsin.

            **BY THE COURT**:

            s/ William E. Callahan, Jr.
            WILLIAM E. CALLAHAN, JR.
            United States Magistrate Judge